UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARRETT ADAM ANDERSON, *et al.*     CIVIL ACTION

VERSUS                               NO. 23-2187

VAULT RECIPROCAL EXCHANGE,           SECTION M (5)
*et al.*

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiffs Garrett and Kelley Anderson, individually and on behalf of their minor children, H.A. and T.A.[1] Defendant Vault Reciprocal Exchange ("Vault") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Vault has failed to demonstrate that complete diversity exists among the parties.

**I.   BACKGROUND**

This is an insurance coverage dispute arising out of damage plaintiffs' property sustained due to Hurricane Ida. At the time the hurricane made landfall, plaintiffs' property was covered by a homeowners insurance policy issued by Vault.[3] Plaintiffs allege that Vault negligently advised them on the scope of remediation needed in the home following the storm, which caused mold to proliferate throughout the structure and added substantially to the cost to fully repair the property – costs plaintiffs allege that Vault has refused to cover under the policy.[4] On May 3, 2023, plaintiffs filed suit in state court, seeking damages for Vault's breach of the insurance policy as

---

[1] R. Doc. 14.
[2] R. Doc. 15.
[3] R. Doc. 2-2 at 1.
[4] *Id.* at 4-9.

well as penalties and attorney's fees under La. R.S. 22:1892 and 22:1973.[5] Thereafter, Vault removed the action to this Court on the basis of diversity subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.[6] In its notice of removal, Vault claims that the citizenship of the non-diverse defendant, Tal Saidi, should be disregarded because she was improperly joined to the action and, thus, the case is removable because complete diversity exists among the properly joined parties.[7] As for its own citizenship, Vault asserts both that it is a "foreign insurance company ... with its domicile in the State of Florida," and "a foreign entity incorporated under and with its domicile in Florida."[8] Plaintiffs' motion to remand followed.[9]

## II. PENDING MOTION

In their motion, plaintiffs argue that remand is appropriate because Vault "failed to accurately allege its juridical status and citizenship ... in its Notice of Removal and that, if it had, it would be clear this Court lacks diversity jurisdiction."[10] This is because, say plaintiffs, Vault is not a corporation, as it implies in its notice of removal, but rather an unincorporated association known as a reciprocal insurance exchange, which "takes the citizenship of all its policyholders."[11] As plaintiffs are themselves both Louisiana citizens and Vault policyholders, they assert that Vault is also a Louisiana citizen and, therefore, the Court lacks diversity subject-matter jurisdiction.[12] Finally, plaintiffs request attorney's fees for Vault's alleged improper removal of the action.[13]

---

[5] *Id.* at 14-15. Plaintiffs also bring claims against the insurance agency and individual agent responsible for selling them the Vault policy. *Id.* at 15-16.
[6] R. Doc. 2 at 18-19.
[7] *Id.* at 3.
[8] *Id.* at 2, 19.
[9] R. Doc. 14.
[10] R. Doc. 14-1 at 1.
[11] *Id.* at 2-6.
[12] *Id.* at 3-6 & n.6.
[13] *Id.* at 6.

In opposition, Vault relies upon the decision in *Garcia v. Farmers Insurance Exchange*, 121 F. Supp. 2d 667, 669 (N.D. Ill. 2000), to argue that even if it can be properly classified as a reciprocal insurance exchange, the citizenship of its policyholders (including plaintiffs) is irrelevant for diversity purposes because the policyholders are its customers, as opposed to its members or partners (which ordinarily would determine the citizenship of an unincorporated association), and so Vault does not take on plaintiffs' Louisiana citizenship.[14]  Moreover, according to Vault, plaintiffs' attempt to analogize Vault to the United Services Automobile Association ("USAA"), a reciprocal insurance exchange which *does* take on the citizenship of its policyholders for diversity purposes, is unpersuasive because USAA pays its policyholders dividends, and its membership is limited "to persons who have some sort of connection with the Armed Forces."[15]  Thus, concludes Vault, it does not take on plaintiffs' Louisiana citizenship, complete diversity exists among the properly joined parties, and plaintiffs' motion to remand should be denied.

### III.   LAW & ANALYSIS

#### A. Removal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Remand to state court is appropriate if the federal court lacks subject-matter jurisdiction.  Subject-matter jurisdiction must exist at the time of removal to federal court based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed …."). Because federal courts have only limited jurisdiction, the removal

---

[14] R. Doc. 15 at 1-4.
[15] *Id.* at 3.

statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723; *see also Jeanmarie v. Indian Harbor Ins. Co.*, 603 F. Supp. 3d 364, 369 (E.D. La. 2022) ("On a motion to remand, in particular, the removing party bears the burden of establishing the citizenship of relevant parties for the purpose of demonstrating complete diversity.").

District courts have subject-matter jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000" and (2) there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a). "'Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)) (alteration omitted). A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "So, to establish diversity jurisdiction, a party 'must specifically allege the citizenship of every member of every LLC.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding*, 851 F.3d at 536). An unincorporated association has no separate legal identity and so its citizenship, at least for purposes of diversity jurisdiction, is the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)

(holding concerning citizenship of partnership). The Fifth Circuit has observed that, "[a]s an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court." *True v. Robles*, 571 F.3d 412, 422 n.2 (5th Cir. 2009) (collecting cases). In sum, "with the exception of corporations, the citizenship of an artificial entity for purposes of diversity is the citizenship of each of the entity's constituent members." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991) (citing *Carden*, 494 U.S. at 195).

### B. Analysis

Here, in its notice of removal, Vault states that it is (1) "a foreign insurance company authorized to do and doing business in the State of Louisiana with its domicile in the State of Florida," and (2) "a foreign entity incorporated under and with its domicile in Florida."[16] Assuming Vault intended to hold itself out as a corporation, these statements are insufficient for establishing its citizenship as a corporation for diversity purposes, as Vault fails to disclose its principal place of business in its notice of removal. *See* 28 U.S.C. § 1332(c)(1). Yet, tellingly, Vault never claims to be a Florida corporation in either its notice of removal or its opposition to plaintiffs' motion to remand, opting only to argue that plaintiffs concede that Vault is a Florida citizen by having alleged in their state-court petition that the entity is "'located in St. Petersburg, Florida.'"[17] But this cherry-picked phrase is hardly a concession of Vault's citizenship or its corporate form and, in any case, fails to provide the Court with the information necessary for determining the entity's citizenship – which is Vault's burden to satisfy as the party invoking the Court's jurisdiction. *See Manguno*, 276 F.3d at 723; *Jeanmarie*, 603 F. Supp. 3d at 369. Although Vault *does* add in its opposition that its "headquarters and principal place of business are both in

---

[16] R. Doc. 2 at 2, 19.
[17] R. Doc. 15 at 3 (quoting R. Doc. 2-2 at 1).

Florida,"[18] it again neglects to affirmatively state the form in which it is organized as a business, and the Court declines to accept Vault's mere invocation of the elements of corporate citizenship under 28 U.S.C. § 1332(c)(1) as satisfactory proof of its status as a Florida corporation where plaintiffs point to evidence that Vault actually holds itself out as a reciprocal insurance exchange. *See Manguno*, 276 F.3d at 723 ("*Any ambiguities* are construed against removal because the removal statue should be strictly construed in favor of remand.") (emphasis added).

In their motion to remand, plaintiffs excerpt portions of Vault's website, wherein it describes itself as a reciprocal insurance exchange that is owned by its policyholders.[19]  In defining a reciprocal insurance exchange, Vault states on its website: "A reciprocal has no shareholders. Instead, the insurer is owned and financed by its policyholders, also known as 'Members.'"[20]  And Vault even compares its structure to that of USAA,[21] which undermines entirely Vault's attempt to distinguish itself from USAA in its opposition to plaintiffs' motion to remand.[22]  Notably, Vault makes no effort to controvert the website excerpts submitted by plaintiffs, such as by calling into question the accuracy of the website or the authenticity of the excerpts, or by submitting a copy of its own articles of incorporation.  Thus, assuming that Vault is indeed a reciprocal insurance exchange, its citizenship for diversity purposes would be the citizenship of each of its members. *See True*, 571 F.3d at 422 n.2.  And, notwithstanding Vault's view to the contrary, the weight of authority on the issue of *who* is a member of a reciprocal insurance exchange favors the conclusion that it is the policyholders themselves.  *See, e.g.*, *Bilger v. Pereira*, 2000 WL 1182526, at *1 (E.D. La. Aug. 21, 2000); *Ourso v. United Servs. Auto Ass'n*, 2007 WL 275902, at *1-2 (E.D. La. Jan.

---

[18] *Id.*
[19] R. Doc. 14-1 at 3-4 (citing to Vault's web address, or URL, and attaching the referenced web page as R. Doc. 14-2).
[20] R. Docs. 14-1 at 4; 14-2.
[21] R. Docs. 14-1 at 4; 14-2.
[22] R. Doc. 15 at 3.

25, 2007); *Isidore v. USAA Ins. Co.*, 2009 WL 1564807, at *1-2 (E.D. La. June 2, 2009); *Cimino v. Sirois*, 2014 WL 5393512, at *1 (E.D. La. Oct. 22, 2014); *Hart v. Auto. Club Inter-Ins. Exchange*, 2017 WL 2377036, at *2-3 (E.D. La. June 1, 2017). Vault simply fails to present any evidence or information concerning its "constituent members" to counter either this majority view or plaintiffs' evidence. Thus, because Vault has failed to carry its burden of demonstrating that there is complete diversity among the parties, the action must be remanded.[23]

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiffs' motion to remand (R. Doc. 14) is GRANTED, and this matter is REMANDED to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, this 15th day of August, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[23] In its opposition to the motion to remand, Vault asserts an objectively reasonable (even if ultimately non-prevailing) basis for its removal of the case. Thus, the Court, in its discretion, declines to award attorney's fees to plaintiffs for Vault's removal of the action to district court. *See Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (5th Cir. 2018) ("In general, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. If the removing party could conclude from the case law that its position was not an unreasonable one at the time of removal, then it had an objectively reasonable basis for removal.") (internal citations, quotation marks, and alteration omitted).